# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:19-cv-01820-JVS-KESx | Date: September 27, 2019 |

Title: CARLOS COVARRUBIAS v. RODNEY HOLMES

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER TO SHOW CAUSE WHY RODNEY HOLMES SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT**

On September 24, 2019, Defendant RODNEY HOLMES ("Mr. Holmes") filed a Notice of Removal removing to this district court Orange County Superior Court ("OCSC") case no. 30-2019-0186085, an unlawful detainer action filed as a limited civil action with an amount in controversy that does not exceed $25,000.

On at least four prior occasions, Mr. Holmes has attempted to remove limited civil unlawful detainer actions to this district court. Each time, the Court issued a remand order informing him why the attempted removal was improper and remanding the case:

| OCSC case no. | Central Dist. of Cal. case no. |
|---|---|
| 30-2017-00946569 | 17-2250 |
| 30-2017-00946569 | 18-0026 |
| 30-2017-00946569 | 18-0121 |
| 30-2018-01006152 | 18-1578 |

　　　　The instant case is the fifth frivolous removal attempt by Mr. Holmes. The above-listed case history would seem to show that Mr. Holmes knows he has no lawful grounds to remove unlawful detainer actions to federal court, yet he continues to do so.

　　　　The All Writs Act coupled with federal courts "inherent power" to "regulate the activities of abusive litigants" authorizes district courts to enter pre-filing orders against vexatious litigants. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Thus, this authority exists independently of the Court's subject matter jurisdiction to decide the merits of the underlying claims. While this authority should be exercised cautiously, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Id. at 1148.

　　　　The Ninth Circuit requires four factors be proven before a litigant may be declared a vexatious: (1) he/she must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) the district court must present an adequate record for review by listing the case filings that support its order; (3) the district court must further make substantive findings as to the frivolous nature of the filings; and (4) the order must be narrowly tailored to remedy only the litigant's particular abuses. Id. at 1147-49.

　　　　Mr. Holmes may discharge this Order to Show Cause ("OSC") by showing cause in writing, if any he has, **on or before October 30, 2019**, why the Court should not enter a pre-filing order that would require him to seek approval from the Chief Judge of this Court prior to filing a notice of removal removing any unlawful detainer actions to this district court. Responding to the OSC is Mr. Holmes's opportunity to be heard, explain his choices, and oppose entry of such an order.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD